OPINION
Defendant James Logan appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, which overruled his motion for relief to vacate and set aside his sentence and judgment pursuant to R.C. 2953.21. Appellant assigns a single error to the trial court:
ASSIGNMENT OR ERROR
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO HOLD AN EVIDENTIARY HEARING IN THE BELOW POSTCONVICTION PROCEEDING ON THE CLAIMS AS TO THE TRIAL COURT'S IMPARTIALITY AT APPELLANT'S TRIAL AND WHETHER DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE AN AFFIDAVIT OF DISQUALIFICATION AGAINST THE JUDGE WHO WAS TO PRESIDE OVER THE TRIAL.
The record indicates appellant was convicted for felonious assault in violation of R.C. 2903.11 in 1988. He brought a direct appeal to this court and we sustained his conviction in State v.Logan (June 1, 1989), Fairfield Appellate #34CA88, unreported. The Supreme Court declined to entertain an appeal from our judgment.
Appellant filed his application for post conviction relief, which the trial court dismissed without an evidentiary hearing, finding appellant had established no grounds for relief.
The basis for appellant's petition was that the trial judge was biased against him and permitted improper evidence to be presented to the jury in appellant's trial. Appellant also urges his trial counsel was ineffective because he failed to file an affidavit of bias and prejudice against the trial court and secure an impartial judge.
As the trial court points out in its judgment entry of April 29, 1997, the record is devoid of any objective evidence demonstrating Judge Martin was biased against him. To the contrary, this court upheld Judge Martin's rulings regarding the admissibility of the certain evidence which appellant characterizes as irrelevant and prejudicial. The trial court correctly found the issue presented to the jury was the credibility of the witnesses, namely the prosecution's witness who testified the appellant kicked him in the face several times, as opposed to the defendant's testimony another person did the kicking. The court correctly found this was a matter for jury to determine.
We find the trial court did not err in dismissing appellant's petition for post-conviction relief. Accordingly, the assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
By Gwin, P.J., Farmer, J., and Hoffman, J., concur.
 JUDGMENT ENTRY
CASE NO. 97CA39
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed. Costs to appellant.